# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HERMAN GOMEZ, <br><br> Plaintiff, <br><br> v. <br><br> PDS TECH, INC.; AVIALL SERVICES, INC.; JOHN VOGT and JOHN DOES 1-5 and 6-10, <br><br> Defendants. | Civ. No. 2:17-12351 <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Herman Gomez brings this action against PDS Tech, Inc. ("PDS"), Aviall Services, Inc. ("Aviall") and John Vogt (collectively "Defendants"), alleging violations of the New Jersey Conscientious Employee Protection Act ("CEPA"), in connection with his purported unlawful retaliatory discharge from employment. This matter comes before the Court on Defendants' motion to compel arbitration and dismiss Plaintiff's complaint (the "Complaint") pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion is **GRANTED**.

## I. BACKGROUND

Plaintiff is a New Jersey resident and former employee of Defendants. Notice of Removal, Ex. A, Compl. ¶ 1, ECF No. 1-1 [hereinafter "Compl."]. Defendant PDS is a staffing agency that conducts business in New Jersey. *Id*. ¶¶ 2, 7. Defendant Aviall is a corporation with a place of business in Parsippany, New Jersey. *Id*. ¶ 3. Defendant Vogt is an employee of Aviall. *Id*. ¶¶ 4, 9.

In April 2017, PDS contacted Plaintiff and asked if he was interested in a position as an assembly technician with its client Aviall. *Id*. ¶¶ 6–8. Plaintiff responded affirmatively and PDS submitted his resume to Aviall, who subsequently interviewed him and hired him on the spot. *Id*. ¶¶ 8, 10–11. Plaintiff began working at Aviall later that month. *Id*. ¶ 12. Two days after he started, Plaintiff complained to Vogt about various issues that he felt created an unlawful safety violation in the workplace. *Id*. ¶¶ 16–19. Plaintiff also informed PDS of his concerns. *Id*. ¶ 26. Approximately a week thereafter, PDS advised Plaintiff that Aviall had terminated his employment. *Id*. ¶ 29. Plaintiff filed

the instant suit in New Jersey Superior Court, which Defendants subsequently removed to this Court in December 2017. *Id*.; Notice of Removal, ECF No. 1.

Defendants now move to dismiss the Complaint and compel arbitration. Mem. of Law in Supp. of Defs.' Mot. ("Defs.' Mem.") 1, ECF No. 12-1. Defendants argue first that federal law governs the arbitration clause in the employment agreement (the "Agreement") Plaintiff entered into with PDS and that the Agreement covers Plaintiff's CEPA claims. *See id*. at 2–6. Defendants next argue that the Agreement covers Plaintiff's claims against Aviall and Vogt because they are intended third-party beneficiaries to the Agreement despite the fact that they are non-signatories. *See id*. at 9–10.

Plaintiff opposes, arguing first that the Agreement is unenforceable because the general waiver of employment-related claims found in the arbitration clause is not a clear and unambiguous waiver of Plaintiff's CEPA claims.[1] *See* Pl.'s Br. in Opp'n to Defs.' Mot. ("Pl.'s Opp'n") 5–6, ECF No. 15. Plaintiff further argues that the clause is unenforceable because it does not establish the arbitration forum. *Id*. at 6–7. Plaintiff finally submits that the arbitration clause lacks specific reference to CEPA, further rendering it unenforceable. *Id*. at 7–8.

In their reply brief, Defendants respond that the FAA provides for an arbitration forum when contractual language is silent thereto. Defs.' Reply in Supp. of Their Mot. ("Defs.' Reply") 1–4, ECF No. 16. Defendants further argue that the arbitration clause sufficiently identifies the statutory claims covered by the Agreement. *Id.* at 5–8. Defendants submit that Plaintiff's CEPA claims fall within the scope of the Agreement. *Id*. at 8–10. Finally, Defendants argue that Plaintiff concedes that Aviall and Vogt are third-party beneficiaries to the Agreement. *Id*. at 10–11.

## II. LEGAL STANDARD

The FAA "creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes" and expresses "a strong federal policy in favor of resolving disputes through arbitration." *See Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 522 (3d Cir. 2009). "Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Id*. at 523. "To determine whether the parties have agreed to arbitrate, [courts] apply 'ordinary state-law principles that govern the formation of contracts.'" *Id*. at 524 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). "[O]nce a court has found that there is a valid agreement to arbitrate, . . . the determination of whether a particular dispute is within the class of those disputes governed by the arbitration clause . . . is a matter of federal law." *See id*. (quotation omitted). In making such a determination, "'there is a presumption of arbitrability[:] an order to arbitrate the particular grievance should not

---

[1] The Court notes that Plaintiff's papers repeatedly refer to Plaintiff's "LAD" claim, which the Court assumes is a commonly used acronym for the New Jersey Law Against Discrimination. Plaintiff did not allege an LAD claim in his Complaint. The Court, therefore, construes Plaintiff's papers as addressing the CEPA claims despite counsel's clear drafting errors.

2

be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Id*. (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)).

Courts in the Third Circuit apply two different standards when considering a motion to compel arbitration. "[W]hen it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.'" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)). "But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.'" *Id*. (quoting same). Under such circumstances, courts apply a summary judgment standard. *See id*.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

### III. DISCUSSION

Plaintiff has not responded with additional facts that place the agreement to arbitrate in issue and the Court, therefore, applies the Rule 12(b)(6) standard to Defendants' motion. The Agreement is unquestionably subject to federal law by virtue of the fact that Defendant PDS is a Washington corporation with business operations in many states, which Plaintiff does not contest. *See* Decl. of J. Surely ("Surely Decl.") ¶ 2, ECF No. 12-2. "A nexus to interstate commerce is found when citizens of different states engage in performance of contractual obligations in one of those states because such a contract necessitates interstate travel of both personnel and payments." *Alfano v. BDO Seidman, LLP*, 925 A.2d 22, 30 (N.J. Super. Ct. App. Div. 2007) (finding that the FAA governed an arbitration agreement where the contract evidenced a transaction involving commerce).

The question of whether the parties made an agreement to arbitrate falls under state contract law. "Under New Jersey law, a party must prove the existence of a contract by showing that: (1) there was a meeting of the minds; (2) there was an offer and acceptance; (3) there was consideration; and, (4) there was certainty in the terms of the agreement." *Allen v. Bloomingdale's, Inc.*, 225 F. Supp. 3d 254, 258 (D.N.J. 2016) (internal quotation

and citation omitted). Defendants submit, and Plaintiff does not contest, that Plaintiff executed the Agreement with PDS prior to joining Aviall. *See* Surely Decl. ¶ 3, Ex. A. The arbitration clause states:

> YOU agree that YOU will settle any and all previously unasserted claims, disputes or controversies ("Claims") arising out of or relating to YOUR application or candidacy for employment, employment and/or cessation of employment with PDS, exclusively by final and binding arbitration before a neutral Arbitrator.

*Id.*, Ex. A at 2.

The Court rejects Plaintiff's argument that the phrase "previously unasserted" references past claims prior to the formation of a contract with PDS; instead, the Court agrees with Defendants that the phrase "carves out from the arbitration agreement any claims between the parties that had previously been asserted at the time the agreement was signed." *See* Defs.' Reply at 9 n.3. The Court further finds that the above language is clear and unambiguous. It is undisputed that there was an offer and acceptance and that Plaintiff received valid consideration in the form of his subsequent employment with Aviall. The Court, therefore, finds that PDS and Plaintiff made an agreement to arbitrate. *See Martindale v. Sandvik, Inc.*, 800 A.2d 872, 879 (N.J. 2002) (finding that employment constitutes sufficient consideration to support an arbitration agreement).

The question of the Agreement's scope falls under federal law. First, the absence of reference to the arbitration forum does not render the Agreement unenforceable. *See In re Sprint Premium Data Plan Mktg. & Sales Practices Litig.*, No. 10-cv-6334, 2012 WL 847431, at *4 (D.N.J. Mar. 13, 2012) ("the pertinent federal law suggests that the [defendant's] arbitration clause is not unenforceable due to the absence of essential terms," including forum). Second, Plaintiff's CEPA claims clearly fall under the types of claims referenced in the Agreement. The clause states:

> By way of example only, Claims include claims under federal, *state*, and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Fair Labor Standards Act, the law of contract, and the law of tort.

Surely Decl., Ex. A at 2 (emphasis added). The absence of specific reference to CEPA does not defeat the enforceability of the above language to Plaintiff's claims. *See Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A.*, 773 A.2d 665, 672 (N.J. 2001) ("[W]e do not suggest that a party need refer specifically to the LAD or list every imaginable statute by name to effectuate a knowing and voluntary waiver of rights."). The clause applies broad language to the types of claims covered and provides clear examples, including anti-discrimination statutes akin to CEPA. The Court, therefore, finds that Plaintiff's CEPA claims fall under the scope of the Agreement. *See Bleumer v. Parkway*

*Ins. Co.*, 649 A.2d 913, 925 (N.J. Super. Ct. Law Div. 1994) (finding that CEPA claims "are subject to arbitration under an arbitration clause in a private employment agreement subject to the FAA").

Finally, the Court addresses whether Defendants Aviall and Vogt are third-party beneficiaries to the Agreement. In general, "non-signatories to an arbitration agreement may be bound by that agreement through the application of traditional principles of contract and agency law." *See Flexi-Van Leasing, Inc. v. Through Transp. Mut. Ins. Ass'n, Ltd.*, 108 F. App'x 35, 40 (3d Cir. 2004) (quotation and citation omitted). "One such traditional principle, applicable in the arbitration context, is the principle that a third-party beneficiary is bound by the terms of a contract where its claim arises out of that contract." *Id.* In New Jersey, "[t]he principle that determines the existence of a third party beneficiary status focuses on whether the parties to the contract intended others to benefit from the existence of the contract, or whether the benefit so derived arises merely as an unintended incident of the agreement." *Broadway Maint. Corp. v. Rutgers, State Univ.*, 447 A.2d 906, 909 (N.J. 1982). "The contractual intent to recognize a right to performance in the third person is the key." *Id.*

Here, the Agreement unquestionably recognizes the right of a third party to performance by Plaintiff, namely the performance of Plaintiff's employment duties. The Agreement recognizes the third party as "PDS's Client" and specifically references Plaintiff's "desire to be employed by PDS to provide temporary services to PDS's Client." *See* Surely Decl., Ex. A at 1. While the Agreement does not expressly name Aviall or Vogt, it is undisputed that Plaintiff knew he was being submitted by PDS for employment with Aviall at the time he executed the Agreement. *See* Compl. ¶¶ 6–12, Ex. A at 2 (date of execution written as April 12, 2017). Consequently, Aviall and Vogt are third-party beneficiaries to the Agreement and Plaintiff's CEPA claims against them are, therefore, subject to the arbitration clause. Accordingly, Defendants' motion to dismiss the Complaint and compel arbitration is **GRANTED**. *See Seus v. John Nuveen & Co., Inc.*, 146 F.3d 175, 179 (3d Cir. 1998), *overruled on other grounds by Green Tree Fin. Corp.– Al. v. Randolph*, 531 U.S. 79 (2000) ("If all the claims involved in an action are arbitrable, a court may dismiss the action instead of staying it.").

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss and compel arbitration is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

                                             */s/ William J. Martini*
                                         **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 19, 2018**